UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GRAILAND FIELDS,<br>TDCJ No. 00774387, | § <br> § <br> § | |
| Petitioner, | § <br> § <br> § | |
| v. | § <br> § | CIVIL ACTION SA-18-CA-01051-FB |
| LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division, | § <br> § <br> § <br> § <br> § | |
| Respondent. | § <br> § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* petitioner Grailand Fields's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), petitioner's Memorandum in Support (ECF No. 2), respondent's Motion to Dismiss (ECF No. 10), and petitioner's Reply (ECF No. 11) thereto. Petitioner challenges the constitutionality of his 1996 state court murder conviction, arguing he has established a valid claim of actual innocence through an affidavit obtained in 2009 from the State's lone witness to the murder wherein the witness recanted his trial testimony. In her Motion to Dismiss, respondent Davis contends petitioner's federal habeas petition should be dismissed with prejudice as time-barred.

For the reasons set forth below, petitioner's federal habeas corpus petition is indeed untimely and is dismissed with prejudice as barred by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Petitioner is also denied a certificate of appealability.

## Background

In October 1996, petitioner was convicted of murder and was sentenced to eighty years of imprisonment. *State v. Fields*, No. 96-CR-2288 (226th Dist. Ct., Bexar Cnty., Tex. Oct. 11, 1996) (ECF No. 9-16 at 69). His conviction and sentence were affirmed on direct appeal, and

the Texas Court of Criminal Appeals (TCCA) refused his petition for discretionary review (PDR) on January 27, 1999. *Fields v. State*, 1998 WL 538157, No. 04-96-00894-CR (Tex. App.—San Antonio, Aug. 26, 1998, pet. ref'd); *Fields v. State*, No. PD-1921-98 (Tex. Crim. App.). Petitioner then waited until November 5, 2014, to file a state habeas corpus application challenging the constitutionality of his state court conviction and sentence, which the TCCA eventually denied without written order on October 4, 2017. *Ex parte Fields*, No. 83,964-03 (Tex. Crim. App.) (ECF No. 9-13; ECF No. 9-16 at 5-43). The instant federal habeas petition was later filed on September 30, 2018. (ECF No. 1 at 10).

## Analysis

### A.      The Statute of Limitations

Respondent contends petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, petitioner's claim of actual innocence is based solely on the recanting affidavit of TDCJ inmate Andre Haygood, a testifying witness for the State who identified petitioner as the person who shot and killed the complainant in this case. Because Mr. Haygood's notarized affidavit was executed on March 18, 2009 (ECF No. 2 at 28), petitioner could have discovered, through the exercise of due diligence, the factual predicate for his actual-innocence claim by this date. As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction expired a year later on March 18,

2010. Because petitioner did not file his § 2254 petition until September 30, 2018—over eight years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

## 1. Statutory Tolling

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, although § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection," it does not toll the limitations period in this case either. As discussed previously, petitioner's state habeas application was not filed until November 2014, over five years after the affidavit was executed and well after the limitations period expired for challenging his underlying conviction and sentence in federal court. Because the state habeas petition was filed after the time for filing a federal petition under § 2244(d)(1) has lapsed, it does not toll the one-year limitations period.[1] *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

---

[1] Petitioner also filed two petitions for mandamus relief with the TCCA. *Ex parte Fields*, No. 83,964-01, -02 (Tex. Crim. App.). Similar to petitioner's state habeas petition, neither of these mandamus petitions were filed before the time for filing a federal petition under § 2244(d)(1) had lapsed. Even if they had been, however, the mandamus petitions would not toll the limitations under § 2244(d)(2) because they did not seek review of the underlying judgment and sentence. *See Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002) (finding a mandamus application did not toll the limitations period because it was not a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment.").

## 2.    Equitable Tolling

The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). But equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). The lack of representation, lack of legal training, ignorance of the law, and unfamiliarity with the legal process do not justify equitable tolling. *United States v. Petty*, 530 F. 3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Here, petitioner fails to explain why he waited over five years after Mr. Haygood's affidavit was executed to challenge his conviction in a state habeas petition, admitting he does not have "any excuses for his lack of due diligence." (ECF No. 11 at 4). Petitioner also fails to establish that he was prevented, by some extraordinary circumstance, from timely raising his actual-innocence claim in a federal habeas corpus petition. Because petitioner failed to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this court, his petition is untimely and barred by § 2244(d)(1).

## 3.    Actual Innocence

Although he makes no argument for tolling, petitioner does contend his untimeliness should be excused because of the actual-innocence exception. In *McQuiggin*, 569 U.S. at 386,

the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard set forth in *Schlup v. Delo,* 513 U.S. 298, 329 (1995). But "tenable actual-innocence gateway pleas are rare," and, under *Schlup*'s demanding standard, the gateway should open only when a petitioner presents new "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin*, 569 U.S. at 386, 401 (*quoting Schlup,* 513 U.S. at 316). In other words, a petitioner must demonstrate that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *McQuiggin*, 569 U.S. at 399. Petitioner in this case fails to meet this demanding standard, as Mr. Haygood's 2009 affidavit does not undermine confidence in the outcome of petitioner's trial. Consequently, the untimeliness of petitioner's federal habeas petition will be not excused under the actual-innocence exception established in *McQuiggin*.

**B.      Alternative Merits Determination**

Based on the affidavit of Mr. Haygood, petitioner also raises a "freestanding" claim of actual innocence under *Herrera v. Collins*, 506 U.S. 390, 417 (1993). However, claims of actual innocence based on newly discovered evidence do not provide a basis for federal habeas relief. *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (citing *Herrera*, 506 U.S. at 400). "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." *Herrera*, 506 U.S. at 399. Although the *Herrera* court left open the question of whether, in a capital case, "a truly persuasive demonstration of 'actual innocence' made after trial would  . . . warrant habeas relief if there were no state avenue open to process such a claim," 506 U.S. at 417, the Court of

Appeals for the Fifth Circuit has consistently rejected this theory.[2]  *See Cantu v. Thaler*, 632 F.3d 157, 167 (5th Cir. 2011); *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *Graves v. Cockrell,* 351 F.3d 143, 151 (5th Cir. 2003) (collecting cases).  Accordingly, petitioner's claim that federal habeas relief is warranted based on Mr. Haygood's alleged recantation must be rejected because a freestanding claim of actual innocence is not a cognizable claim for federal habeas relief.

In addition to his actual-innocence claim, petitioner also argues he was denied the opportunity to establish his actual-innocence claim by the state habeas court.  Such a claim does not entitle petitioner to relief because alleged errors or irregularities occurring in state habeas proceedings do not raise cognizable claims for federal habeas relief.  *See Henderson v. Stephens*, 791 F.3d 567, 578 (5th Cir. 2015) ("infirmities in state habeas proceedings do not constitute grounds for federal habeas corpus relief"); *Ladd v. Stevens*, 748 F.3d 637, 644 (5th Cir. 2014) (same).  This is because an attack on the validity of a state habeas corpus proceeding does not impact the validity of the underlying state criminal conviction.  *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) (reiterating that "an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself.") (citations omitted).  For this reason, petitioner's complaint concerning his state habeas corpus proceeding does not furnish a basis for federal habeas corpus relief.

### Conclusion

Based on the foregoing reasons, petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d).  The petition also fails to raise a cognizable claim for federal habeas corpus relief.

---

[2]    In later revisiting the issue of actual innocence, the Supreme Court declined to resolve the question of whether freestanding actual-innocence claims are to be recognized in federal habeas proceedings. *House v. Bell*, 547 U.S. 518, 555 (2006).

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Respondent's Motion to Dismiss (ECF No. 10) is **GRANTED** and petitioner Grailand Fields's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as time-barred and alternatively without merit;

2.      Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that this court's procedural rulings are incorrect as required by FED. R. APP. P. 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, this court **DENIES** petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; and

3.      All other remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 18th day of December, 2018.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE